IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| THOMAS WASHINGTON | : | CIVIL ACTION |
|---|---|---|
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| HUMAN RESOURCES MANAGER | : | NO. 17-2761 |
| MANHEIM AUTO AUCTION | : | |
| Defendants | : | |

## MEMORANDUM

**STENGEL, Ch. J.**                                                                 **SEPTEMBER 22, 2017**

In this civil action, plaintiff Thomas Washington alleges that his former employer, Manheim Auto Auction of Cox Enterprises, discriminated against him based on his race. Currently before the Court are plaintiff's motion to proceed *in forma pauperis*, and his complaint and amended complaint, both of which raise employment discrimination claims. For the following reasons, the Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaints without prejudice to him filing a second amended complaint.[1]

### I.     FACTS

Plaintiff filed a complaint and an amended complaint against his former employer and an unnamed "Human Resources Manager." By marking the appropriate locations on the Court's form complaint, plaintiff indicates that his former employer violated Title VII, 42 U.S.C. § 2000e, by discriminating against him because he is African-American. Plaintiff alleges that he was "called racist names," harassed, "put in unequal terms and conditions," and that words were

---

[1] As plaintiff amended his complaint prior to being granted *in forma pauperis* status, the Court will consider the two pleadings together for purposes of this opinion.

1

"put in his mouth." The pleadings suggest that he was terminated because of his race and possibly retaliated against by his former employer.[2]

## II. STANDARD OF REVIEW

The Court grants plaintiff leave to proceed *in forma pauperis* because it appears he is incapable of paying the fees necessary to commence this action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the complaint if it fails to state a claim. To survive dismissal, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory allegations and generalizations are insufficient to state a claim. *Id.* "[T]he plausibility paradigm announced in *Twombly* applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Title VII prohibits an employer from discriminating against an employee based on race. *See* 42 U.S.C. § 2000e-2(a). Title VII also prohibits an employer from retaliating against an employee for opposing any act made unlawful by the employment discrimination statutes, or

---

[2] Plaintiff also indicated that Manheim Auto violated the Americans with Disabilities Act (ADA). Additionally, on one of his complaints, plaintiff checked locations on the form complaint indicating that he was also discriminated against because of his religion, national origin, and age. However, plaintiff does not describe any disability, explain how his employer failed to accommodate that disability, or explain how he was discriminated against because of his religion, national origin, or age. To the contrary, his complaints in essence claim that plaintiff was discriminated against because of his race. It is not clear if plaintiff understood that, by checking those locations on the form complaint, he was indicating to the Court his intention to raise claims on those grounds, as none of his allegations concern discrimination on any basis other than race.

because he made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under the employment discrimination statutes. *Id.* § 2000e-3.

To establish a *prima facie* case of employment discrimination, a plaintiff must show that: (1) he is a member of a protected class; (2) he was qualified for the position in question; (3) he suffered an adverse employment action, and; (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). "A prima facie case of illegal retaliation requires a showing of (1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." *EEOC v. Allstate Ins. Co.*, 778 F.3d 444, 449 (3d Cir. 2015) (quotations omitted). For a plaintiff to establish that he was subjected to a hostile work environment based on his race, he "must show that (1) he suffered intentional discrimination because of his national origin; (2) the discrimination was pervasive and regular; (3) it detrimentally affected him; (4) it would have detrimentally affected a reasonable person of the same protected class in his position; and (5) there is a basis for vicarious liability." *Cardenas v. Massey*, 269 F.3d 251, 260 (3d Cir. 2001).

Although a plaintiff need not plead a *prima facie* case of discrimination to state a claim, the complaint must allege "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016) (quotations omitted and alteration in original). Here, plaintiff has alluded to the fact that he was called "racial" names at work. He does not describe what those names were, identify who called him those names, or describe the frequency with which any race-based name calling

occurred. Likewise, plaintiff alleges he was treated unfairly because of his race and retaliated against, but he does not develop those allegations.

For plaintiff to state a claim, he must describe the events that happened to him so it is clear why he believes he was discriminated against, forced to endure a hostile work environment, and/or terminated because of his race. Plaintiff's pleadings do not do this. They are based almost entirely on conclusory allegations that make it difficult for the Court—and the defendants—to understand what happened to plaintiff, who subjected him to unfair treatment, what names he was called, and why he believes he was discriminated or retaliated against. Accordingly, plaintiff has failed to state a claim. *See, e.g., Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss."). Furthermore, if plaintiff intended to bring claims against individual employees, his claims fail because individual employees are not susceptible to liability under Title VII. *See Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996).

As plaintiff's complaint is general and conclusory, it does not state a claim as pled. However, the Court will give plaintiff leave to file a second amended complaint in the event that he can cure the above deficiencies. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

## IV. CONCLUSION

For the foregoing reasons, plaintiff's complaint will be dismissed without prejudice to his filing a second amended complaint. An appropriate order follows.